**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIV-97-1821-R** |
| ) | **CR-93-175-R** |
| **KENNY TAYLOR,** ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

On October 8, 1997, the Court received a letter from Defendant Kenny Taylor, requesting an extension of time in which to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Doc. No. 626. On October 9, 1997, the Court denied Defendant's request, which it treated as a motion for an extension of time in which to file a § 2255 motion. On November 14, 1997, Defendant Taylor filed his § 2255 motion. Doc. No. 632. On December 3, 1997, the Court denied Defendant Taylor's § 2255 motion. Doc. No. 635. On January 12, 1998, Defendant filed a motion for reconsideration of the Court's Order denying his § 2255 motion. Doc. No. 639. The Court granted Defendant's motion for reconsideration on February 11, 1998, but upon reconsideration denied Defendant's § 2255 motion because it was not timely filed. Doc. No. 644. On May 13, 1998, the Court denied Defendant's motion to proceed in forma pauperis and request for a certificate of appealability. Doc. No. 650. On December 17, 1998, the Tenth Circuit Court

of Appeals denied Defendant's request for a certificate of appealability and dismissed Defendant Taylor's appeal from this Court's denial of his § 2255 motion. See United States v. Taylor, 166 F.3d 350 (table), 1998 WL 879863 (10th Cir. Dec., 17, 1998) (No. 98-6187).

On September 17, 2007, the Tenth Circuit Court of Appeals entered an Order affirming this Court's construction of an "ex parte motion for equity relief" filed by Defendant as a successive § 2255 motion and denying Defendant's motion to remand the matter to the district court. See September 17, 2007 Order of the United States Court of Appeals for the Tenth Circuit [Doc. No. 891]. The Tenth Circuit noted in its Order that since affirmance of his convictions on appeal, Defendant Taylor had "collaterally attacked his sentence five times with four motions pursuant to § 2255 and one under 28 U.S.C. § 2241" and that each attempt had failed. Id. at p. 2.

Most recently, on February 14, 2007, Defendant filed a motion to set aside § 2255 judgment. Doc. No. 899. Defendant asserts that his motion is a true Rule 60(b), Fed. R. Civ. P., motion because he is not attacking his underlying conviction and sentence but is asserting that this Court's procedural ruling on his § 2255 motion – that the motion was untimely – was in error, citing Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). He now asserts, based upon the Supreme Court's decision in Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), that this Court erred in sua sponte denying Defendant's first § 2255 motion for untimeliness without first according the parties and, in particular, Defendant, fair notice of its determination that the § 2255 motion was untimely and an opportunity to present their positions, assuring itself that

Defendant would not be "'significantly prejudiced by the delayed focus on the limitations issue'" and determining "'whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.'" Defendant's Motion to Set Aside § 2255 Judgment at p. 6-7 [Doc. No. 899] (citation omitted).

Defendant asserts that the interests of justice would have been better served by addressing the merits of his § 2255 motion; that this Court could have treated his letter requesting an extension of time to file his § 2255 motion as a § 2255 motion; and that by addressing the merits of Defendant's § 2255 motion, the Court could have avoided a fundamental miscarriage of justice that may have resulted from his attorney's neglect to challenge the misapplication of the sentencing guidelines which in turn meant "a potential for Taylor to serve more time in prison than otherwise permissible under a correct application of the guidelines." Defendant's Motion to Set Aside § 2255 Judgment at p. 8 [Doc. No. 899]. Defendant suggests he is "actually innocent" of a noncapital sentence, acknowledging that whether this is possible remains an open question.

First, a Rule 60(b) motion "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Defendant does not specify under which subsection of Rule 60(b) he brings his motion, but it is immaterial because Defendant's Rule 60(b) motion was filed over ten (10) years after this Court entered its Order of February 11, 1998 denying Defendant's § 2255 motion as untimely. Hence, Defendant's Rule 60(b) motion was not

made within a reasonable time or within one year after the Court entered the order which is the subject of this motion. Defendant's Rule 60(b) motion is denied on this basis alone.

Secondly, the United States Supreme Court in Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) was dealing with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not a § 2255 motion, and the situation in which the district court dismissed a petition as untimely after the State failed to raise the statute of limitations defense in its answer and had conceded that the petition was timely. The Supreme Court specifically stated that "[t]he question presented is whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, once the State has answered the petition without contesting its timeliness." Day, 547 U.S. at 202, 126 S.Ct. at 1679, 164 L.Ed.2d at 383. In this case, the Court denied Defendant's § 2255 motion because it was untimely before any answer was filed, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In Day v. McDonough, supra, the Supreme Court held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," 547 U.S. at 209, 126 S.Ct. at 1684, 164 L.Ed.2d at 387, even after the State inadvertently fails to raise the limitations defense in its answer. The Court did say that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions" and "must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the

4

petition as time barred." 547 U.S. at 210, 126 S.Ct. at 1684, 164 L.Ed.2d at 388 (emphasis added) (citations omitted).  In the Court's view, these holdings apply only where the Court raises timeliness <u>sua</u> <u>sponte</u> after the State has failed to raise it in a § 2254 habeas proceeding.  However, even if these statements or holdings apply to dismissal or denial of a § 2255 motion <u>sua</u> <u>sponte</u>, before the Government has been directed to respond to such motion, the rules therein announced are new procedural rules which are not watershed procedural rules and hence do not retroactively apply to a § 2255 proceeding which was concluded long before the new rules were announced.  Cf. <u>United States v. Christensen</u>, 456 F.3d 1205, 1208 (10th Cir. 2006).

In accordance with the foregoing, Defendant's Rule 60(b) motion to set aside [Doc. No. 899] the Court's Order of February 11, 1998 [Doc. No. 644], denying Defendant's § 2255 motion as untimely is DENIED.

**IT IS SO ORDERED this 17th day of April, 2008.**

*David L. Russell* (signature)
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE